RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

APR 14 2026

DANIEL J. McCOY, CLERK

BY:_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

v.

CARL MICHAEL WILLIAMSON,
        Defendant

1:26-cr-00127
JUDGE DRELL
MAGISTRATE JUDGE PEREZ-MONTES

## STIPULATED FACTUAL BASIS FOR GUILTY PLEA

NOW INTO COURT, comes the United States Attorney for the Western District of Louisiana, through the undersigned Assistant United States Attorney, and the defendant, CARL MICHAEL WILLIAMSON ("WILLIAMSON"), represented by his undersigned counsel, Mr. Devin Jones, and for the purposes of providing the Court with a factual basis for a plea agreement pursuant to Rule 11(b)(3) of the Federal Rules of Criminal Procedure, hereby stipulate as follows:

On February 1, 2024, WILLIAMSON was employed by the Catahoula Parish Sheriff's Office ("CPSO") where he served as a Transportation Officer at the Catahoula Parish Correctional Center ("CPCC") located in Harrisonburg, Louisiana. That afternoon, eleven inmates and two pretrial detainees housed in Cell 12, a cell containing six beds, started a non-violent protest because they had been living in overcrowded conditions for several days. WARDEN 1 and ASSISTANT WARDEN 1 ordered WILLIAMSON and other CPSO officers to extract the men by spraying the cell with oleoresin capsicum ("OC") spray, handcuffing the people inside, and escorting them to a nearby recreation yard.

1

After the cell extraction, WILLIAMSON joined WARDEN 1, ASSISTANT WARDEN 1, COLONEL 1, DEPUTY 1, and other officers in the recreation yard. The thirteen prisoners were handcuffed, compliant, and subdued by OC spray. WARDEN 1 ordered the prisoners to identify the leaders of the protest, and then he began using an electrified riot shield and his body weight to crush handcuffed prisoners who were lying on the ground. After WARDEN 1 finished using the shield, officers took handcuffs off of some of the inmates. COLONEL 1 then ordered WILLIAMSON punish one of the inmates by striking him. WILLIAMSON complied by forcefully striking a compliant, non-violent inmate in the face with an open hand. Immediately afterwards, WILLIAMSON saw DEPUTY 1 also strike a different compliant, non-violent inmate.

WILLIAMSON knew that he and his fellow officers had a duty to intervene and protect the federal constitutional rights of inmates and pretrial detainees, including the Eighth Amendment right to be free from cruel and unusual punishment, and that violations of this right could result in criminal prosecution. WILLIAMSON understood that the force used by WARDEN 1, DEPUTY 1, and the use of force order given by COLONEL 1 were for the purpose of punishing the occupants of Cell 12, and he knew that the use of force to punish compliant, non-threatening inmates and pretrial detainees was the type of unnecessary and wanton infliction of pain that violates the Eighth Amendment's right to be free from cruel and unusual punishment. WILLIAMSON also knew that his actions and those of

2

his fellow officers were unlawful and violated CPSO policies and procedures regarding the use of force.

On or about August 20, 2025, ASSISTANT WARDEN 1 gave WILLIAMSON a copy of another officer's report about the Cell 12 extraction, and he ordered WILLIAMSON to write a report as well. WILLIAMSON noticed that the other officer's report omitted the assaults that occurred in the recreation yard and falsely claimed that a K-9 officer who participated in the cell extraction had broken CPSO policy by trying to frighten compliant inmates with his dog. WILLIAMSON had heard rumors that the K-9 officer had contacted the Federal Bureau of Investigation ("FBI") and truthfully reported the assaults that occurred in the recreation yard. WILLIAMSON understood that ASSISTANT WARDEN 1 wanted him to help cover up the incident by writing a report that omitted the assaults and falsely discredited the K-9 officer. WILLIAMSON wrote, signed, and submitted the requested false report in order to aid ASSISTANT WARDEN 1 with the cover-up.

3

The FBI has jurisdiction to investigate civil rights violations, such as the excessive force used in the recreation yard near Cell 12.

Dated: 3/25/26 _____

_____
DEVIN T. JONES #33812
Counsel for the defendant
601 North 5th Street, Suite 215
Monroe, LA 71201

Dated: 3/25/26 _____

_____
CARL MICHAEL WILLIAMSON
Defendant


ZACHARY A. KELLER
United States Attorney

Dated: 3/26/26 _____

_____
THOMAS A. JOHNSON, VA Bar No. 89295
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 278-1694

4